UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Keith O. Stoddard, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 02-1046 (RCL) |
| | ) | |
| John Trainum, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

This matter is before the Court on defendant's motion for summary judgment. Upon consideration of the parties' submissions and the entire record, the Court will grant defendant's motion and dismiss the case.

I. BACKGROUND

In his amended complaint allowed by Order of November 21, 2003, plaintiff alleges that defendant, a Deputy United States Marshal, violated his Fifth Amendment "procedural" right to due process when he publicly accused plaintiff of being a child molester while executing an arrest warrant, knowing it to be false.[1]  First Amended Complaint ("Amd. Cplt.") at 1-3.  Plaintiff alleges that as a result of defendant's actions, community residents hurled rocks and other objects at him, children were afraid to go to school because of him, "mobs of angry parents" accosted him, and "local gang members" threatened his life. *Id*. at 4.  Plaintiff also alleges that his then-fiancee (now his wife) was "confronted and accosted by angry parents," who "threatened to do

---

[1] By that same order, the Court dismissed a claim against the United States brought under the Federal Tort Claims Act.

bodily harm for [her] association with the Plaintiff." *Id*. Plaintiff allegedly experienced "limited" job prospects, "lost his ability to practice as a Certified Addiction Specialist and a Licensed Addiction Counselor," and was "refused job interviews," all as a result of defendant's actions. *Id*. at 5. Plaintiff alleges that he sustained physical injury and "severe and permanent emotional distress." *Id*. at 4, ¶ 17.

Plaintiff sues defendant in his individual capacity pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Defendant asserts that plaintiff has failed to establish a due process violation and that he is entitled to qualified immunity. The Court previously rejected the immunity defense. *See* Memorandum Opinion (Nov. 21, 2003) at 6. There is no need to revisit the issue here.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate only when the "pleadings [and discovery], together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As a general rule, "[i]n deciding whether there is a genuine issue of fact before it, the court must assume the truth of all statements proffered by the party opposing summary judgment." *Greene v. Dalton*, 164 F.3d 671, 674 (D.C. Cir. 1999). Summary judgment is inappropriate if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Aka v. Washington Hospital Center*, 156 F.3d 1284, 1288 (D.C Cir. 1998) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Under Rule 56(e) of the Federal Rules of Civil Procedure,

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in the adverse party's response, but the adverse party's response by affidavits or as

> otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

## III.  DISCUSSION

In order to establish his *Bivens* claim, plaintiff must show that defendant deprived him of a constitutional right. In the amended complaint, plaintiff alleges that he was deprived of "his 5th amendment procedural due process right to challenge and be heard on these false accusations made by the Defendant." Amd. Cplt. at 1-2. He maintains in his opposition that he is not claiming that he was "deprived of a 'property interest' in private employment [but rather that] he was not provided any constitutionally guaranteed forum in which to prove his innocence." Plaintiff's Memorandum in Opposition to the Defendant's Motion for Summary Judgment ("Pltf's Opp.") at 2. He therefore appears to assert the deprivation of a liberty interest.[2] Plaintiff's premise is fatally flawed because defendant, a Deputy U.S. Marshal, has absolutely no control over the presentment and prosecution of criminal charges. He therefore cannot possibly be liable for this deprivation under *Bivens*, which requires a showing that the alleged wrongdoer "was personally involved in the illegal conduct." *Simpkins v. District of Columbia Government*, 108 F.3d 366, 369 (D.C. Cir. 1997). In addition, due process attaches when the government "seeks to remove or significantly alter [a] protected status." *Paul v. Davis*, 424 U.S. 693, 711 (1979). Under the circumstances presented, the right of due process would be triggered by the filing of criminal charges, but plaintiff's own theory belies this possibility.

---

   [2]  The due process clause proscribes the taking of "life, liberty, or property, without due process of law." U.S. Const. Amend. V.

He alleges that "[d]efendant knew that upon uttering these false accusations, Plaintiff would not have an opportunity to contest these charges . . . in any Court of law" because he was never accused of child molestation.[3]  Amd Cplt. ¶ 12.

Plaintiff asserts that because of defendant, he "has essentially been tried and convicted in the eyes of his community for a heinous act, for which he was never convicted, and has had no procedurally safeguarded opportunity to contest."  Pltf's Opp. at 5.  He has stated, at best, a claim of defamation.  Defendant asserts that plaintiff has not established his *Bivens* claim because he has not satisfied the test necessary for a defamation claim to rise to the level of a constitutional violation.  "Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."  *Siegert v. Gilley*, 500 U.S. 226, 233 (1991). "[R]eputation alone does not constitute a liberty interest," and "District of Columbia law provides no special protection for reputation beyond the general protection of tort law." *Mosrie v. Barry*, 718 F.2d 1151, 1159 (D.C. Cir. 1983).  Defamatory statements may be elevated to a constitutional violation, however, if it is shown that they resulted in "a removal, extinguishment, or significant alteration of an interest recognized and protected by state law." *Id*. at 1160-61 (discussing *Paul v. Davis*, 424 U.S. 693 (1976)).  Defamation along with the loss of present or future employment may satisfy the test required by the Constitution and the case law.  *Id*.  As the District of Columbia Circuit stated:

> For a defamation to give rise to a right to procedural due process, it is necessary . . . that the defamation be accompanied by a discharge from government

---

[3] Defendant was executing a parole violator warrant based on plaintiff's failure to report a change of address and his failure to report to his parole officer.  *See* Mem. Op. (Nov. 21, 2003) at 6, n.2.  Plaintiff does not allege that he was deprived of due process prior to the revocation of his parole or that defendant's statement had any bearing on the decision to revoke his parole.

employment or at least a demotion in rank and pay. The latter, more general category requires that the government either have formally deprived one of a legal right, such as the right to purchase liquor or to drive, or have so severely impaired one's ability to take advantage of a legal right, such as a right to be considered for government contracts or employment or a right to seek non-government employment, that the government can be said to have 'foreclosed' one's ability to take advantage of it and thus extinguished the right.

*Mosrie v. Barry*, 718 F.2d at 1161 (footnote omitted).

Plaintiff has not countered with any evidence of his own defendant's well-documented evidence demonstrating that, contrary to the complaint allegations, the alleged defamatory statement had no adverse effect on plaintiff's employment and employment opportunities. *See* Deft's Facts ¶¶ 4, 7-11 (citing record exhibits). Nor has plaintiff proffered any evidence establishing that the statement resulted in the deprivation of any other legal right. *See Siegert v. Gilley*, 500 U.S. at 234 ("Our decision in *Paul v. Davis* did not turn [] on the state of mind of the defendant, but on the lack of any constitutional protection for the interest in reputation."). The alleged statement was made in June 2001, three months before plaintiff surrendered to authorities in September 2001. Plaintiff therefore does not, and can not, argue that the defamation was accompanied by his loss of liberty as defined by the Constitution.[4]

---

[4] While the Court sympathizes with plaintiff on the community's reaction, which, if true, constituted outrageous behavior that in a broad sense may have restricted plaintiff's movements, there is no evidence that those wrongdoers were acting at the behest of the defendant or the government. Thus, as to any injury plaintiff may have sustained at the hands of his neighbors, *see supra* at 1-2, his recourse lies, if at all, in the Superior Court of the District of Columbia pursuant to District of Columbia law.

In sum, plaintiff has not "set forth specific facts showing that there is a genuine issue for trial" on the existence of a constitutional violation.  Fed. R. Civ. P. 56(e).  The Court therefore finds that defendant is entitled to judgment as a matter of law.[5]

                                                  _____s/s_____
                                                  Royce C. Lamberth
                                                  United States District Judge

Date: September 16, 2005

---

[5]  A separate Order granting defendant's summary judgment motion and dismissing the case in its entirety accompanies this Memorandum Opinion.